MEMORANDUM **
Hao Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999), and we review de novo due process claims, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part, and deny in part the petition for review.
We lack jurisdiction to review the agency’s determination that Wu failed to establish changed or extraordinary circumstances to excuse the untimely filing of his asylum application because the underlying facts are disputed. See 8 U.S.C. § 1158(a)(3); cf. Ramadan v. Gonzales, 479 F.3d 646, 653-54 (9th Cir.2007) (per curiam). Accordingly, we dismiss the petition as to Wu’s asylum claim.
Substantial evidence supports the agency’s adverse credibility determination based upon a discrepancy between Wu’s testimony and his asylum application regarding whether he was beaten in connection with his first interrogation, see Kohli v. Gonzales, 473 F.3d 1061, 1071 (9th Cir. 2007), as well as a testimonial inconsistency regarding how the police discovered he was sending religious materials back to China from the United States, see Don v. Gonzales, 476 F.3d 738, 741-42 (9th Cir. 2007), and Wu’s demeanor when asked to explain a perceived discrepancy, see Singh-Kaur, 183 F.3d at 1151. Accordingly, Wu’s withholding of removal claim *688 fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Although the BIA failed to address Wu’s contentions that the IJ was biased and did not fully develop the record, the error was harmless because it would not affect the result.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.